GUTTENPLAN AND JULIAN PLLC.
Kathleen F. Julian, Esq.
2001 Marcus Avenue, Suite N125
Lake Success, N.Y. 11042
Phone:  516-616-1155
Fax:      516-616-9797
kathy@gjlawoffice.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALVENA JENNETTE and ROBERT HENRY,

                     Plaintiffs,

    -against-

KEVIN DAVIS, NANCY GIVONS-DAVIS, PHENIX
BICOASTAL SALONS, LLC., SALON SUITES AT
FEDERAL HILL, LLC., PHENIX SALON SUITES OF SHORT
PUMP LLC., PHENIX SALON SUITES AT WOODBRIDGE,
LLC., PHENIX SALON SUITES AT ONE LOUDOUN, LLC.,
PHENIX SALON SUITES OF CHESAPEAKE, LLC., PHENIX
SALON SUITES OF DAVIS FORD CROSSING, LLC., PHENIX
SALON SUITES OF FREDERIKSBURG, LLC., PHENIX
SALON SUITES OF ROANOKE, LLC., PHENIX SALON
SUITES OF SPRINGFIELD, LLC., PHENIX SALON
SUITES OF VIRGINIA BEACH, LLC., SALON SUITES
OF HAMPTON, LLC., SALON SUITES OF BARRACKS
RD., LLC, PHENIX SALON SUITES OF CARY, LLC.,
PHENIX SALON SUITES OF MOORESVILLE, LLC.,
PHENIX SALON SUITES OF SOUTHPARK, LLC., PHENIX
SALON SUITES OF PATTERSON PLACE, LLC., PHENIX
SALON SUITES AT WAVERLY, LLC., SALON SUITES AT
PLANTATION POINT, LLC., SALON SUITES AT FRANKLIN, LLC.,
PLATINUM PROPERTY MANAGEMENT LLC.,

                     Defendants.

-------------------------------------------------------------------------------x

Case No.:

18-2291

<u>COMPLAINT</u>

## JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §1331 because these claims seek redress for violations of Plaintiffs' federal statutory rights.

2. This Court has diversity jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §1332(a)(1), in that the Plaintiffs and Defendants are citizens of different states and the amount in controversy is greater than $75,000.00.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so closely related to Plaintiffs; federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4.  At the time of the execution of the Contract at issue, the Plaintiffs were residents of the State of New York, County of Kings and the Contract at issue was executed in Kings County New York.  Venue therefore lies in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff, ALVENA JENNETTE, at the time the Contract at issue was executed, was a resident of the State of New York, having an address at 1520 Lincoln Place, Brooklyn, New York.  Plaintiff, JENNETTE is currently a resident of the State of New Jersey, residing at

6.  Plaintiff, ROBERT HENRY, the time the Contract at issue was executed, was a resident of the State of New York, having an address at 1520 Lincoln Place, Brooklyn, New York. Plaintiff, HENRY is currently a resident of the State of Florida, residing at

7.  Defendant, KEVIN DAVIS, is a resident of the State of Virginia, residing at 18184 Shinniecock Hills Place, Leesburg, VA 20176.

8.  Defendant, NANCY GIVONS-DAVIS, is a resident of the State of Virginia, residing at 18184 Shinniecock Hills Place, Leesburg, VA 20176.

9.  Defendant, PHENIX BICOASTAL SALONS, LLC., is a foreign limited liability company, organized and operating under the laws of the State of Delaware, and authorized to do business in the State of Virginia, having a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

10. Defendant, SALON SUITES AT FEDERAL HILL LLC., is a foreign limited liability company, organized and operating under the laws of the State of Maryland, having a principal place of business at 840 East Fort Avenue, Baltimore, MD 21230.

11. Defendant, PHENIX SALON SUITES OF SHORT PUMP LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 2421 Old Brick Road, Glen Allen, VA 23060, and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

12. Defendant, PHENIX SALON SUITES AT WOODBRIDGE, LLC, is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business and registered principal office at 2980 Prince William Parkway, Woodbridge, VA 22192.

13. Defendant, PHENIX SALON SUITES AT ONE LOUDOUN, LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business and registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

14. Defendant, PHENIX SALON SUITES OF CHESAPEAKE, LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 4300 Portsmouth Boulevard, Suite 154, Chesapeake, VA, 23321 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

15. Defendant, PHENIX SALON SUITES OF DAVIS FORD CROSSING, LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 9906 Liberia Avenue, Manassas, VA 20110 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

16. Defendant, PHENIX SALON SUITES OF FREDERIKSBURG, LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 1610 Carl D Silver Parkway, Unit 1380, Fredericksburg, VA 22401 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

17. Defendant, PHENIX SALON SUITES OF ROANOKE, LLC., is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 642 Brandon Avenue, Roanoke, VA 24014 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

4

18. Defendant, PHENIX SALON SUITES OF SPRINGFIELD, LLC is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 7723 Commerce Street, Springfield, VA 22150 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

19.  Defendant, PHENIX SALON SUITES OF VIRGINIA BEACH, LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 3312 Princess Anne Road, Suite 835, Virginia Beach, VA 23456 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

20. Defendant, SALON SUITES OF HAMPTON LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 1620 Merchant Lane, Hampton, VA, 23666 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

21. Defendant, SALON SUITES OF BARRACKS RD., LLC. is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal place of business at 2148 Barracks Road, Charlottesville, VA 22903 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn, VA 20176.

22. Defendant, PHENIX SALON SUITES OF CARY, LLC. is a foreign limited liability company, organized and operating under the laws of the State of North Carolina, having a principal place of business at 1217 Parkside Main Street, Cary, NC 27519 and a registered principal office at 6135 Park South Drive, Suite 510, Charlotte, NC 28210.

23. Defendant, PHENIX SALON SUITES OF MOORESVILLE, LLC. is a foreign limited liability company, organized and operating under the laws of the State of North Carolina,

5

having a principal place of business at 591 River Highway, Suite E-F, Mooresville, NC

28117 and a registered principal office at 20365 Exchange Street, Suite 211, Ashburn,

VA 20147.

24. Defendant, PHENIX SALON SUITES OF SOUTHPARK, LLC. is a foreign limited

liability company, organized and operating under the laws of the State of North Carolina,

having a principal place of business and registered principal office at 4735-2A Sharon

Road, Charlotte, NC 27616.

25. Defendant, PHENIX SALON SUITES OF PATTERSON PLACE, LLC. is a foreign

limited liability company, organized and operating under the laws of the State of North

Carolina, having a principal place of business and registered principal office at 3616

Witherspoon Drive, Durham, NC 27707.

26. Defendant, PHENIX SALON SUITES AT WAVERLY, LLC. is a foreign limited

liability company, organized and operating under the laws of the State of North Carolina,

having a principal place of business at 2001 Kildaire Farm Road, Cary, NC 27518 and a

registered principal office at 13124 Winter Hazel Road, Apt. 208, Charlotte, NC 28278.

27. Defendant, SALON SUITES AT PLANTATION POINT, LLC. is a foreign limited

liability company, organized and operating under the laws of the State of North Carolina,

having a principal place of business at 6350 Plantation Center Drive, Raleigh, NC 27616

and a registered principal office at 6461 Triangle Plantation Drive, Raleigh, NC 27616.

28. Defendant, SALON SUITES AT FRANKLIN, LLC. is a foreign limited liability

company, organized and operating under the laws of the State of Tennessee, having a

principal place of business and a registered principal office at 2000 Mallory Lane,

Franklin, TN 37067.

29. Defendant, PLATINUM PROPERTY MANAGEMENT, LLC., is a foreign limited liability company, organized and operating under the laws of the State of Virginia, having a principal office at 9100 Church Street, Suite 103, Manassas, VA 20110.

30. Upon information and belief, the Defendant, KEVIN DAVIS, is the sole member and manager of all of the above-named Defendant LLCs.

## BACKGROUND

31. In or around, May, 2015, the Plaintiffs, JENNETTE and HENRY, were approached by the Defendant, KEVIN DAVIS, a longtime acquaintance, with a business proposition.

32. Mr. Davis was the owner of multiple franchise locations in several different states of a franchise known as Phenix Salon Suites and was purportedly seeking to expand his business into the North Carolina and Tennessee markets. As such, Mr. Davis claimed that he was seeking investors to assist in this endeavor.

33. Mr. Davis proposed two different investment opportunities to the Plaintiffs. In the first instance, Mr. Jennette and Mr. Henry were to invest a sum of money with Mr. Davis, for the purposes of expanding the North Carolina and Tennessee markets, which sum would be paid back monthly over a period of twenty (20) years.

34. In the second instance, Mr. Jennette and Mr. Henry were to invest an additional sum of money for the purposes of expanding the North Carolina and Tennessee markets, the rights to which Mr. Davis claimed to have exclusivity over. and their investment in the building of ten stores in said markets would result in their receiving a collective 40% share of the profits of said stores, as well as a 40% share of any profits from vending machines and/or coin laundry in said stores.

35. Plaintiff, JENNETTE accompanied Defendant DAVIS to a convention in Las Vegas, Nevada, wherein he was given an award by Phenix Salon Suites as the fastest growing franchise owner. Believing Defendant DAVIS' representations that Phenix Salon Suites was a legitimate growing business interest, as well as Defendant, DAVIS' representations that he had an ownership interest in multiple franchise locations, the Plaintiffs, JENNETTE and HENRY agreed to invest with Defendant DAVIS.

A. The First Investment:

36. On June 4, 2015, the Plaintiffs and Defendant DAVIS entered into an agreement with Defendant DAVIS wherein Plaintiffs JENNETTE and HENRY, respectively, invested One Million Three Hundred Thousand ($1,300,000.00) Dollars with Defendant DAVIS in "Phenix Salon Suites franchise locations owned or operated by me (sic), Kevin Davis, and my related entities". A copy of said Agreement is annexed hereto as Exhibit A.

37. Pursuant to the agreement, Plaintiffs were to be repaid $20,000.00 per month, over a period of twenty (20) years, commencing December 20, 2015 through December 20, 2035.

38. Plaintiff, JENNETTE invested $600,000.00 by check dated June 5, 2015, payable to Phenix Salon Suites. This check was received by and endorsed by the Defendant KEVIN DAVIS and upon information and belief, deposited into an account in the name of Platinum Property Management LLC. A copy of the front and back of this cancelled check is annexed hereto as Exhibit B.

39. Plaintiff HENRY invested the sum of $700,000.00 by check dated June 5, 2015, payable to Platinum Property Management. This check was received by and endorsed by the Defendant, DAVIS and, upon information and belief, deposited into an account in the

name of Platinum Property Management LLC.  A copy of the front and back of this canceled check is annexed hereto as Exhibit C.

40. It was agreed that Plaintiff, JENNETTE and Plaintiff HENRY were each to receive the sum of $10,000.00 per month, however, commencing in January, 2016 through September, 2016, payments were made directly to Plaintiff JENNETTE.

41. Payments were initially made by wire transfer to Defendant JENNETTE's personal bank account at Chase Bank, N.A.

42. While the initial payment was due in December, 2015, Plaintiff JENNETTE received the first partial payment of $10,000.00 on January 20, 2016, which payment came from the account of Defendant SALON SUITES AT FEDERAL HILL, LLC.

43. Subsequently, Plaintiff JENNETTE received the following payments from the specified payee Defendants:

> 2/25/16 - $20,000 - PHENIX BICOASTAL SALONS, LLC.
> 3/23/16 - $20,000 - PHENIX BICOASTAL SALONS, LLC.
> 4/29/16 - $10,000 - PHENIX BICOASTAL SALONS, LLC.
> 6/2/16 - $10,000 -  NANCY GIVONS-DAVIS
> 6/27/16 - $20,000 - PHENIX BICOASTAL SALONS, LLC.
> 9/13/16 - $10,000 - PHENIX BICOASTAL SALONS, LLC.
> 9/29/16 - $10,000 - PHENIX SALON SUITES AT VIRGINIA BEACH, LLC.

Copies of the bank statements evidencing the above payments are annexed hereto as

Exhibit D.

44. In total, Defendant DAVIS paid Plaintiffs a total of $110,000.00 from January through September, 2016, while payments should have totaled $200,000.00.

45. Thereafter, in November, 2016, Defendant DAVIS began making separate payments by depositing them directly into each of the Plaintiff's respective Wells Fargo bank accounts through Wells Fargo branches in Virginia.  Payments were received as follows:

Plaintiff JENNETTE:

| | | |
|---|---|---|
| 11/8/16 | - | $5,000 |
| 11/23/16 | - | $4,000 |
| 12/2/16 | - | $10,000 |
| 1/5/17 | - | $10,000 |
| 2/3/17 | - | $10,000 |
| 2/28/17 | - | $10,000 |
| 4/18/17 | - | $10,000 |
| 5/23/17 | - | $10,000 |
| 6/28/17 | - | $10,000 |
| 7/17/17 | - | $10,000 |
| 8/4/17 | - | $5,000 |
| 8/8/17 | - | $5,000 |
| 8/25/17 | - | $2,500 |
| 8/30/17 | - | $2,500 |
| 9/25/17 | - | $5,000 |
| 10/2/17 | - | $4,900 |
| 10/27/17 | - | $9,300 |
| 11/21/17 | - | $5,000 |
| 11/27/17 | - | $5,000 |
| 12/5/17 | - | $5,000 |
| 12/22/17 | - | $5,000 |
| 1/2/18 | - | $2,000 |
| 1/24/18 | - | $4,000 |
| 1/29/18 | - | $2,000 |

Plaintiff HENRY:

| | | |
|---|---|---|
| 11/2/16 | - | $5,000 |
| 11/8/16 | - | $5,000 |
| 12/2/16 | - | $10,000 |
| 1/5/17 | - | $10,000 |
| 2/3/17 | - | $10,000 |
| 2/28/17 | - | $10,000 |
| 4/18/17 | - | $10,000 |
| 5/16/17 | - | $10,000 |
| 6/9/17 | - | $5,000 |
| 7/31/17 | - | $5,000 |
| 8/4/17 | - | $5,000 |
| 8/8/17 | - | $5,000 |
| 8/25/17 | - | $5,000 |
| 8/30/17 | - | $10,000 |
| 9/25/17 | - | $5,000 |
| 10/23/17 | - | $10,000 |

Copies of the bank statements of Plaintiff JENNETTE and HENRY referencing the above deposits are annexed hereto as Exhibits E and F respectively. The Court will note that sometimes Defendant DAVIS sometimes paid the full $10,000.00 payment, but other times payment was made in increments of $2,500.00 or more over the month.

46. In total, Defendant, DAVIS, from the commencement of the agreement through April 1, 2018, should have paid Plaintiffs JENNETTE and HENRY the collective sum of $580,000.00. Instead, Defendant DAVIS has only paid Plaintiffs the collective sum of $381,200.00, which leaves a balance of principal and interest due and owing Plaintiffs through April 1, 2018, of $198,800.00, together with the remaining principal balance due and owing of $1,279,549.76 for a total amount due and owing Plaintiffs in the sum of $1,478,349.76.

47. Defendant DAVIS defaulted upon the monthly payment to Plaintiff, HENRY in October, 2017, and has failed to make any payments, whatsoever, since that date.

48. Defendant, DAVIS defaulted upon the monthly payment to Plaintiff, JENNETTE in January, 2018, and has failed to make any payments, whatsoever, since that date.

49. Plaintiffs JENNETTE and HENRY have attempted to contact Defendant DAVIS on several instances since his default, by email, text message and telephone call, however, Defendant DAVIS has failed to respond.

50. Defendant DAVIS, pursuant to the terms of the agreement, as partial security for the repayment of the indebtedness, conveyed a security interest in the Short Pump, Virginia franchise location, to wit, owned and operating by co-Defendant, PHENIX SALON

SUITES OF SHORT PUMP, LLC., of which Defendant DAVIS is the manager and sole member, as partial security for the indebtedness.

B. The Second Investment

51. At approximately the same time Mr. Davis induced Plaintiffs JENNETTE and HENRY to invest the initial One Million Three Hundred Thousand ($1,300,000.00) Dollars, on June 8, 2015, Mr. Davis and the Plaintiffs entered into a second agreement whereby Plaintiffs invested an additional One Million Three Hundred Thousand Dollars ($1,300,000.00) with Defendant DAVIS for the purposes of building ten (10) Phenix Salon Suite franchise locations in the North Carolina and Tennessee markets, for which markets Defendant DAVIS allegedly owned exclusive rights.. A copy of this Agreement is annexed hereto as Exhibit G.

52. Pursuant to the agreement, ten (10) franchise locations were to be completed within twenty (20) months of the date of the agreement. Upon completion of the stores, the profits therefrom were to be divided amongst the investors, with forty (40%) percent collectively going to the Plaintiffs.

53. Plaintiff, JENNETTE invested $600,000.00, which amount was paid via wire from Plaintiff JENNETTE's personal account on 6/15/15, in the amount of $590,000.00 and on 6/16/15, in the amount of $10,000, directly to Defendant DAVIS' personal account ending "9270". A copy of the bank statement evidencing the wire is annexed hereto as Exhibit H.

54. Plaintiff HENRY invested the sum of $700,000.00 by check dated June 9, 2015, payable to Platinum Property Management. This check was received by and endorsed by the Defendant, DAVIS and, upon information and belief, deposited into an account in the

12

name of Platinum Property Management LLC. A copy of the front and back of this canceled check is annexed hereto as Exhibit I.

55. The time for the completion of the development of the stores was February, 2017. Pursuant to the terms of the agreement, should the stores not be completed within the allotted time, Mr. Davis was afforded a six (6) month grace period to cure said default. Such grace period expired in August, 2017.

56. As of the date hereof, no such stores have been built or are in the process of being built.

57. After Mr. Davis' default become apparent, Plaintiffs learned that in October, 2015, Mr. Davis closed on the purchase of a home at 18184 Shinniecock Hills Place, Leesburg, Virginia, Mr. Davis' present residence, for the sum of $1,575,000.00. A search reveals that the purchase of the home, upon information and belief, was paid in full and no mortgage was taken out on said premises.

58. Upon information and belief, Mr. Davis used the money Plaintiffs invested with Mr. Davis for the purposes of developing franchises in North Carolina and Tennessee to purchase his residence.

59. Upon information and belief, Defendant DAVIS purchased the residence with his wife, Nancy Davis, who is a co-Defendant herein.

60. Given that Mr. Davis closed on the purchase of his home mere months after the Plaintiffs provided Mr. Davis with their investment money, it is Plaintiffs contention that Mr. Davis had no intent to utilize Plaintiffs investment to build franchise locations in North Carolina and Tennessee, but rather, had every intention of taking the Plaintiffs' "investment" and purchasing a grand home for himself.

61. Despite multiple calls, texts and emails from the Plaintiffs, Defendant DAVIS has failed to account for Plaintiffs' investment or provide any proof as to the development of any new franchise locations in the North Carolina and/or Tennessee markets.

62. In fact, a search of the Phenix Salon Suites website shows that there are only in existence, four (4) locations in North Carolina and one (1) location in Tennessee, which locations are, in fact, owned and operated by Defendant DAVIS, but which locations were in place prior to the Plaintiffs' investment.

63. Defendant DAVIS, pursuant to the terms of the agreement, conveyed a security interest in the North Carolina and Tennessee franchise locations, in the event of a default, however, in that the specific locations are impossible to identify, the existing franchise locations in Virginia, North Carolina and Tennessee, owned and operated by the co-Defendant LLCs, of which Defendant DAVIS is the manager and sole member, have been named as co-Defendants herein.

## AS AND FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

64. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "63" as if more fully and completely restated herein.

65. Defendant DAVIS, under the guise of his ownership interest in the Phenix Salon Suite locations in North Carolina, Virginia and Tennessee, misrepresented the terms of the underlying transaction.

66. Plaintiffs, believing Defendant's promises, invested the collective sum of One Million Three Hundred Thousand ($1,300,000.00) Dollars with Defendant DAVIS.

67. As of April 1, 2018, Defendant DAVIS should have paid Plaintiffs the collective sum of $580,000.00, however, Defendant DAVIS has only paid $381,200.00. As such, there is a balance of $198,800.00 in principal and interest due and owing through April 1, 2018.

68. Furthermore, pursuant to the schedule of payments, there remains a principal balance on the initial investment, as of April 1, 2018, the sum of $1,279,549.76 due and owing Plaintiffs, for a total of $1,478,349.76 due and owing the Plaintiffs herein.

69. Despite repeated requests and demands for payment, Defendant DAVIS has failed to tender same.

70. Due to Defendant DAVIS' breach of the June 5, 2015 agreement, there is now due and owing Plaintiff, the sum of $1,478,349.76, together with interest on that amount from April 1, 2018, and Plaintiffs are entitled to recover said amount.

AS AND FOR A SECOND CAUSE OF ACTION
FRAUD IN THE INDUCEMENT

71. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "70" as if more fully and completely restated herein.

72. Defendant DAVIS sought out Plaintiffs to take part in an alleged investment in Phenix Salon Suite franchise locations in North Carolina and Tennessee for which Defendant DAVIS claimed to have exclusive rights.

73. Plaintiffs, believing Defendant DAVIS representations that he was going to use their investment for this purpose, delivered the aggregate sum of Two Million Six Hundred Thousand ($2,600,000.00) Dollars to the Defendant, in order to build these franchise locations, for which Plaintiffs were said to receive a collective forty (40%) percent of the net profit from these locations.

74. Defendant DAVIS knew the representations made to the Plaintiffs were false when he made them and knew the representations were made for the purposes of inducing Plaintiffs to rely on those statements and invest money with the Defendant.

75. As a result of Plaintiffs' reasonable reliance upon the false representations of Defendant DAVIS was detrimental to Plaintiffs and caused them to suffer damages.

76. In that Defendant DAVIS used his position as owner of multiple Phenix Salon Suite locations to perpetrate this fraud, and in that it is impossible to determine which of said locations are part and parcel of Defendant DAVIS' scheme, all franchise locations, for which Defendant DAVIS is manager and sole member, in the Virginia, North Carolina and Tennessee markets, have been named as co-Defendants herein.

77. Plaintiffs demand that judgment be entered against Defendants for compensatory and actual damages, reasonable attorneys' fees and pre-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

78. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "77" as if more fully and completely restated herein.

79. The Plaintiffs conferred a benefit on the Defendant DAVIS, to wit, their Two Million Six Hundred Thousand ($2,600,000.00) Dollars total investment.

80. Defendant DAVIS voluntarily accepted and retained said amounts without adequately compensating Plaintiffs therefor.

81. The circumstances render Defendant DAVIS' retention of the benefit inequitable unless Defendant pays the value of said benefit to the Plaintiffs.

82. Defendant DAVIS has been unjustly enriched at the expense of the Plaintiff.

83. Plaintiffs are entitled to damages as a result of Defendant DAVIS' unjust enrichment, including the disgorgement of all monies lawfully accepted by Defendant DAVIS from Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION
## CONVERSION

84. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "83" as if more fully and completely restated herein.

85. Defendant DAVIS is in possession of property belonging to the Plaintiffs, and, despite repeated requests and demands, refuses to return that property.

86. Plaintiffs have suffered damages as a result of Defendant DAVIS' conversion of Plaintiffs' property.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 15 U.S.C. §45 (Deceptive Trade Practices)

87. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "87" as if more fully and completely restated herein.

88. Defendant DAVIS, in seeking out investors, used deceptive practices in holding himself out as intending to expand his franchise locations into the North Carolina and Tennessee markets.

89. Defendant DAVIS, misled the Plaintiffs into investing the sum of Two Million Six Hundred Thousand ($2,600,000.00) Dollars for the purposes of building new franchise locations when, in fact, Defendant DAVIS had no intention of doing so.

90. Plaintiffs believed Defendant DAVIS's representation that their investment would be used for the purposes of building additional franchise locations in North Carolina and Tennessee.

91. Such misrepresentation by Defendant DAVIS was material in fact, as Defendant DAVIS had no intention of utilizing Plaintiffs' investment for the purposes of building additional franchise locations, but rather, to supplement his own personal lifestyle in purchasing a lavish home for himself in Virginia.

92. As a result, the Plaintiffs have been damaged by Defendant DAVIS' deceptive practices and are entitled to judgment against Defendants for compensatory and actual damages, along with interest thereon, reasonable attorneys' fees and any further award that this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
INJUNCTION

93. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "92" as if more fully and completely restated herein.

94. Plaintiffs investment with Defendant DAVIS has been misappropriated by the Defendant and the proceeds of which have not been accounted for by Defendant DAVIS.

95. Upon information and belief, Defendant DAVIS utilized the proceeds of Plaintiffs investment for his own personal use in purchasing a lavish One Million Five Hundred Seventy-Five Thousand ($1,575,000.00) Dollar home in Leesburg, Virginia, for himself and his wife.

96. Furthermore, there are several Phenix Salon Suite franchise locations in Virginia, North Carolina and Tennessee which were purported to be security for the repayment of the indebtedness from Defendant DAVIS to Plaintiffs.

97. Additionally, as, what appears to be, half of Plaintiffs' investment, has been put into purchasing the home of the Defendant DAVIS, it is imperative that such asset be preserved, for purposes of Plaintiffs' recovery of their investment.

98. By reason of Defendant DAVIS' fraud described herein, the equities are clearly in Plaintiffs' favor.

99. Accordingly, it is respectfully requested, that the Court, therefore, enjoin any transfer of the premises 18184 Shinniecock Hills Place, Leesburg, Virginia, and further enjoin the transfer of any ownership interest in any of the Phenix Salon Suite locations, all of which are named co-Defendants herein.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff a judgment against Defendants in the amount of $1,478,349.76, together with interest from the 1st day of April, 2018;

2. Enjoin Defendants during the pendency of this action, and permanently therefore, from selling, transferring or otherwise disposing of the real property located at 18184 Shinniecock Hills Place, Leesburg, Virginia, or any Phenix Salon Suite franchise locations located in Virginia, North Carolina and Tennessee or Maryland;

3. Award Plaintiffs damages in an amount to be established at trial;

4. Award Plaintiffs costs, interest and reasonable attorneys' fees;

5.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury in this action of all issues so triable.

6.  Such other and further relief as the Court deems just and proper.

Dated: April 16, 2018

Respectfully submitted,

Kathleen F. Julian, Esq.
Guttenplan and Julian PLLC.
Attorneys for Plaintiffs
2001 Marcus Avenue, Suite N125
Lake Success, N.Y. 11042
516-616-1155
Kathy@GJLawoffice.com

VERIFICATION

ROBERT HENRY, being duly sworn, deposes and says as follows:

Deponent is one of the Plaintiffs in the within action; and deponent has read the foregoing COMPLAINT and knows the contents thereof; the same is true to Deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, deponent believes it to be true.

ROBERT HENRY

Sworn to before me this
16th day of April, 2018

NOTARY PUBLIC

GEORGE MICHAEL WALKER
MY COMMISSION # FF 933809
EXPIRES: November 4, 2019
Bonded Thru Budget Notary Services

## VERIFICATION

ALVENA JENNETTE, being duly sworn, deposes and says as follows:

Deponent is one of the Plaintiffs in the within action; and deponent has read the foregoing COMPLAINT and knows the contents thereof; the same is true to Deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, deponent believes it to be true.

ALVENA JENNETTE

Sworn to before me this
17 day of April, 2018

NOTARY PUBLIC

Earlene Pleasnt
Commission expires 2-24-2020