**WESLEY M. MULLEN**

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

October 12, 2018

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Jennette et al. v. Givons-Davis et al.,
              No. 1:18-cv-02291-KAM-CLP

Your Honor,

I represent all defendants appearing in the above-captioned matter ("Defendants").[1] Defendants anticipate moving to dismiss the Amended Complaint under Rules 12(b)(2) and 12(b)(6). I write to request a pre-motion conference per Chambers Practice IV.B.

**I.    Summary of the Amended Complaint**

This is an action for breach of contract, fraud, unjust enrichment, conversion, and deceptive trade practices. Plaintiffs are individual investors. (Amended Complaint (ECF Doc. No. 2) ("Am. Compl.") ¶¶ 5-6, 36, 51.) Defendant Kevin Davis ("Mr. Davis") is a successful entrepreneur who owns "multiple franchise locations in several different states of a franchise known as Phenix Salon Suites." (Id. ¶ 32.) Phenix Salon Suites is a nationwide network of salons and spas.

As alleged, Plaintiffs invested $2.6 million with Mr. Davis pursuant to two written investment agreements dated June 4, 2015 and June 8, 2015. (Id. ¶¶ 33-34, 36, 51; id. Exs. A & G.)[2]

    **A.    The First Agreement**

Under the first agreement dated June 4, 2015 (the "First Agreement"), Plaintiffs invested $1.3 million with Mr. Davis "to fund the development of the North Carolina and Tennessee Phenix Salon Suites markets." (Id. Ex. A at 1.) The First Agreement provides that Mr. Davis is to pay Plaintiffs $20,000 per month for 20 years. (Id.) In the event of default, Plaintiffs "have the right to foreclose and take 100% of the interest in the Phenix Salon Suites location in Short Pump, VA … ." (Id.) Plaintiffs "have no right to a return of [their] investment except as set forth" in the written agreement. (Id.) Plaintiffs

---

[1] I do not represent Platinum Property Management LLC. That entity has no relationship to my clients and has not appeared.

[2] Defendants do not admit the allegations of the Amended Complaint; but Plaintiff's allegations are taken as true for purposes of a motion under Rule 12(b)(6). Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).

MULLEN P.C.
                                                    18 CV 2291
                                                October 12, 2018
                                                        Page 2

and Mr. Davis are the only parties to the First Agreement. (Id.; id. ¶ 36.) Plaintiffs allege that Mr. Davis breached by failing to make required payments to Plaintiffs. (Id. ¶¶ 47-48.)

### B. The Second Agreement

Under the second agreement dated June 8, 2015 (the "Second Agreement") Plaintiffs invested $1.3 million with Mr. Davis "to fund the development of the North Carolina and Tennessee Phenix Salon Suites markets … ." (Id. Ex. G at 1.) In the event of default, Plaintiffs "have the right to foreclose and take complete ownership of the 10 stores [under development] and finish developing in the North Carolina or Tennessee area." (Id.) Plaintiffs, Mr. Davis, and non-party Harold Sattan are the only parties to the Second Agreement. (Id.; id. ¶ 51.) Plaintiffs allege that Mr. Davis breached by failing to build stores as required. (See Am. Compl. ¶¶ 55-57.)

On the basis of the foregoing agreements, Plaintiffs purport to state claims against Mr. Davis; against his ex-wife Nancy Givons-Davis; and against twenty foreign LLCs in Delaware, Virginia, Maryland, North Carolina, and Tennessee. (See id. ¶¶ 7-30, 59.)

## II. Summary of Defendants' Proposed Motion to Dismiss

Mr. Davis is the only defendant subject to personal jurisdiction before this Court. Fed. R. Civ. P. 12(b)(2). The claim for breach of contract must be dismissed as against all defendants other than Mr. Davis, as Mr. Davis is the only defendant party to any contract. Fed. R. Civ. P. 12(b)(6). The remaining claims must be dismissed in their entirety. Id.

### A. Lack of Personal Jurisdiction (Rule 12(b)(2))

Plaintiff bears the burden of establishing personal jurisdiction over defendants. Univ. Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd., 560 F. App'x 52, 54 (2d Cir. 2014). New York's personal jurisdiction rules apply. CPLR 301, 302.

The Amended Complaint alleges no contacts at all between Nancy Givons-Davis and the New York forum. Ms. Givons-Davis is a Virginia resident. (Am. Compl. ¶ 8.) Plaintiffs allege that she is married to Mr. Davis. (Id. ¶ 59.)[3] Plaintiffs allege that they "received [a] payment[]" of $10,000 from Ms. Davis on June 2, 2016. (Id. ¶ 43.) Neither allegation is a jurisdictional contact sufficient to support the exercise of general or specific personal jurisdiction.

Likewise with the LLC Defendants. Each is alleged to be incorporated outside New York and with its principal place of business outside New York. (Id. ¶ 9-29.) None is alleged to conduct business in New York, or to have undertaken any act in

---

[3] Ms. Givons-Davis and Mr. Davis are divorced. Defendants submit that marital status is irrelevant to the jurisdictional analysis.

New York.  None is a party to the agreements between Plaintiffs and Mr. Davis.  (Id. Exs. A, G.)  There is no basis for personal jurisdiction over any of the twenty LLCs named defendants.

### B. Failure to State a Claim (Rule 12(b)(6))

The **first claim** for breach of contract must be dismissed as against all defendants other than Mr. Davis; Mr. Davis is the only defendant party to the agreements.  (Am. Compl. ¶¶ 36, 51); Harte v. Ocwen Fin. Corp., No. 13-CV-5410 (MKB), 2014 U.S. Dist. LEXIS 132611, at *15 (E.D.N.Y. Sept. 19, 2014) ("It is hornbook law that a nonsignatory to a contract cannot be named as a defendant in a breach of contract action … .").

The **second claim**, fraud, must be dismissed for failure to plead any intentional false statement with requisite particularity. Fed. R. Civ. P. 9(b); see Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996) (affirming dismissal of fraud claim where Plaintiff failed to plead in "detail the statements (or omissions) that the plaintiff contends are fraudulent" and "where and when the statements (or omissions) were made.")  It is also redundant to the contract claim.  E.g. Ellington Credit Fund, Ltd v. Select Portfolio Servicing, Inc., 832 F. Supp. 2d 162, 197 (S.D.N.Y. 2011) ("[A] cause of action sounding in fraud cannot be maintained when the only fraud charged relates to a breach of contract.")

The **third and fourth claims** for unjust enrichment and conversion fail because they are duplicative of the contract claim.  E.g. Diesel Props S.R.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 54 (2d Cir. 2010) ("unjust enrichment … is an obligation the law creates in the absence of any agreement"); Fesseha v. TD Waterhouse Inv. Servs., Inc., 30 A.D.2d 268, 761 N.Y.S. 2d 22, 24 (App. Div. 2003) (affirming dismissal of conversion claim that was "nothing more than a restatement of [plaintiff's] breach of contract claim.").

The **fifth claim** for deceptive practices under the FTC Act, 15 U.S.C. § 45, is frivolous.  There is no private right of action under that statute.  Xi v. Apple Inc., 603 F.Supp. 2d 464, 470 (E.D.N.Y. 2009) (collecting cases).  So is the **sixth claim** denominated "injunction," (Am. Compl. ¶¶ 93-99), because "a request for injunctive relief is not a separate cause of action," KM Enters. v. McDonald, 11-cv-5098 (ADS)(ETB), 2012 U.S. Dist. LEXIS 138599, at *58 (E.D.N.Y. Sept. 25, 2012)(collecting cases).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request a pre-motion conference.

Respectfully submitted,

Wesley M. Mullen

WMULLEN@MULLENPC.COM | (646) 632-3718