# GUTTENPLAN & JULIAN PLLC
ATTORNEYS AT LAW

2001 Marcus Avenue, Suite N125, Lake Success, New York 11042

KENNETH S. GUTTENPLAN
KEN@GJLAWOFFICE.COM

KATHLEEN F. JULIAN
KATHY@GJLAWOFFICE.COM

TEL: (516) 616-1155

FAX: (516) 616-9797

October 22, 2018

**VIA ELECTRONIC CASE FILING**

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Attn: Hon. Kiyo A. Matsumoto

    Re:  Jennette and Henry v. Davis, et al.
        Case No.: 1:18-cv-02291 (KAM)(CLP)

Dear Honorable Madam:

  We are the attorneys for the Plaintiffs, Alvena Jennette and Robert Henry with respect to the referenced matter. We submit this letter in response to Defendants' request for a pre-motion conference, pursuant to Chamber practice rule IV.B.

  I.  Defendants' proposed motion to Dismiss for Lack of Personal Jurisdiction Rule 12(b)(2):

  Defendants allege that Plaintiff has not established personal jurisdiction over Defendants Nancy Givons-Davis and the various Phenix Salon Suite LLC's named in the complaint, as they have no contacts with the New York forum and are not parties to the underlying Contracts which are the subject of this litigation.

  In the first instance, as alleged in Plaintiffs' complaint, both Mrs. Givons-Davis and certain Phenix Salon Suite franchises made payments to the Plaintiffs on account of the contract between the parties, which payments were wired directly from the Defendants' bank accounts to the Plaintiffs bank accounts in New York. The Federal Court has held that in applying the "minimum contacts" test, a single contact with the state by telephone, mail, or facsimile transmission may

establish the requisite contact. Defendants actions directly relate to the claim asserted hereunder and, as a result, meet the "minimum contacts" test. *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310.

Furthermore, as alleged in the complaint, it is believed that the proceeds provided by Plaintiffs to Defendant Kevin Davis for the purposes of financing the completion of new Phenix Salon Suite franchises, was instead used to purchase Mr. and Mrs. Davis' personal residence in Leesburg, Virginia. Should Plaintiffs prevail in their lawsuit, said residence may be subject to a lien for the judgment amount, which judgment would adversely affect Mrs. Davis' interest. Along those same lines, should Plaintiffs prevail in their lawsuit, the assets of the various Phenix Salon Suite LLC's could also be subject to lien and collection.

Federal Rule 19(a)(1)(B)(i), Required Joinder of Parties, states that:

"(a)   Persons Required to be Joined if Feasible

(1) A person who is subject to service of process and whose joinder will not deprive the Court of subject-matter jurisdiction must be joined as a party if:

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impede the person's ability to protect that interest;"

As such, pursuant to Federal Rule 19(a)(1)(B)(i), the Defendants Nancy Givons-Davis and the various Phenix Salon Suite franchises are necessary parties to the within action.

II.   Default Judgment

Furthermore, pursuant to the So Ordered letter motion of the Hon. Cheryl Pollack, the Defendants were given until October 12, 2018 to interpose an answer to the underlying compliant.

While Defendants submit a letter to this Court indicating an intention to file a motion to dismiss as against Defendants, Nancy Givons-Davis and the various Phenix Salon Suite franchises, they do not indicate that they will be seeking to dismiss the complaint in its entirety as against Kevin Davis. As such, Defendant, Kevin Davis has failed to interpose an Answer to the underlying Complaint, his time to do so has expired, and no further request or application for an additional extension of time has been made or granted. In that Mr. Davis is represented by counsel in this action and counsel has proactively moved with regard to the other Defendants in this action, I can see no good cause or reasonable excuse for Defendant Davis' defaulting in his obligation to interpose an answer to the underlying complaint.

Accordingly, Plaintiffs will be submitting a Motion for a Default Judgment against Defendant, Kevin Davis, pursuant to Federal Rule 55(a).

III. Conclusion

In that Federal Rule 19 requires Defendants Nancy Givons-Davis and the various Phenix Salon Suite LLC's to be named as necessary interested parties to the within action, it is respectfully requested that Defendants' application be denied.

Respectfully submitted,

/s/ Kathleen F. Julian
Guttenplan and Julian PLLC.
kathy@gjlawoffice.com

cc: Alvena Jennette
Robert Henry