GUTTENPLAN AND JULIAN PLLC.
Kathleen F. Julian, Esq.
2001 Marcus Avenue, Suite N125
Lake Success, N.Y. 11042
Phone:  516-616-1155
Fax:      516-616-9797
kathy@gjlawoffice.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALVENA JENNETTE and ROBERT HENRY,

                          Plaintiffs,

      -against-

KEVIN DAVIS, NANCY GIVONS-DAVIS,

                          Defendants.
--------------------------------------------------------------------------------x

Case No.:

18-2291

AMENDED

## **JURISDICTION**

1. This Court has diversity jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C.

   §1332(a)(1), in that the Plaintiffs and Defendants are citizens of different states and the

   amount in controversy is greater than $75,000.00.

## VENUE

2.   At the time of the execution of the Contract at issue, the Plaintiffs were residents of the State of New York, County of Kings and the Contract at issue was executed in Kings County New York.  Venue therefore lies in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

3. Plaintiff, ALVENA JENNETTE, at the time the Contract at issue was executed, was a resident of the State of New York, having an address at 1520 Lincoln Place, Brooklyn, New York.

4. Plaintiff, ROBERT HENRY, the time the Contract at issue was executed, was a resident of the State of New York, having an address at 1520 Lincoln Place, Brooklyn, New York. Plaintiff, HENRY is currently a resident of the State of Florida, residing at 555 Sebastian Square, St. Augustine, FL 32095.

5. Defendant, KEVIN DAVIS, is a resident of the State of Virginia, residing at 18184 Shinniecock Hills Place, Leesburg, VA 20176.

6. Defendant, NANCY GIVONS-DAVIS, is a resident of the State of Virginia, residing at 18184 Shinniecock Hills Place, Leesburg, VA 20176.  At the time on the execution of the Contracts, which are the subject of these proceedings, NANCY GIVONS-DAVIS was married to KEVIN DAVIS.

7. Upon information and belief, NANCY GIVONS-DAVIS has since filed for divorce from KEVIN DAVIS.  The status of said divorce proceedings are unknown to Plaintiffs at this time.

**BACKGROUND**

8. In or around, May, 2015, the Plaintiffs, JENNETTE and HENRY, were approached by the Defendant, KEVIN DAVIS, a longtime acquaintance, with a business proposition.

9. Mr. Davis was the owner of multiple franchise locations in several different states of a franchise known as Phenix Salon Suites and was purportedly seeking to expand his business into the North Carolina and Tennessee markets. As such, Mr. Davis claimed that he was seeking investors to assist in this endeavor.

10. Mr. Davis proposed two different investment opportunities to the Plaintiffs. In the first instance, Mr. Jennette and Mr. Henry were to invest a sum of money with Mr. Davis, for the purposes of expanding the North Carolina and Tennessee markets, which sum would be paid back monthly over a period of twenty (20) years.

11. In the second instance, Mr. Jennette and Mr. Henry were to invest an additional sum of money for the purposes of expanding the North Carolina and Tennessee markets, the rights to which Mr. Davis claimed to have exclusivity over. and their investment in the building of ten stores in said markets would result in their receiving a collective 40% share of the profits of said stores, as well as a 40% share of any profits from vending machines and/or coin laundry in said stores.

12. Plaintiff, JENNETTE accompanied Defendant DAVIS to a convention in Las Vegas, Nevada, wherein he was given an award by Phenix Salon Suites as the fastest growing franchise owner. Believing Defendant DAVIS' representations that Phenix Salon Suites was a legitimate growing business interest, as well as Defendant, DAVIS' representations that he had an ownership interest in multiple franchise locations, the Plaintiffs, JENNETTE and HENRY agreed to invest with Defendant DAVIS.

3

A.  The First Investment:

13. On June 4, 2015, the Plaintiffs and Defendant DAVIS entered into an agreement with

Defendant DAVIS wherein Plaintiffs JENNETTE and HENRY, respectively, invested

One Million Three Hundred Thousand ($1,300,000.00) Dollars with Defendant DAVIS

in "Phenix Salon Suites franchise locations owned or operated by me (sic), Kevin Davis,

and my related entities".  A copy of said Agreement is annexed hereto as Exhibit A.

14. Pursuant to the agreement, Plaintiffs were to be repaid $20,000.00 per month, over a

period of twenty (20) years, commencing December 20, 2015 through December 20,

2035.

15. Plaintiff, JENNETTE invested $600,000.00 by check dated June 5, 2015, payable to

Phenix Salon Suites.  This check was received by and endorsed by the Defendant KEVIN

DAVIS and upon information and belief, deposited into an account in the name of

Platinum Property Management.  A copy of the front and back of this cancelled check is

annexed hereto as Exhibit B.

16. Plaintiff HENRY invested the sum of $700,000.00 by check dated June 5, 2015, payable

to Platinum Property Management.  This check was received by and endorsed by the

Defendant, DAVIS and, upon information and belief, deposited into an account in the

name of Platinum Property Management.  A copy of the front and back of this canceled

check is annexed hereto as Exhibit C.

17. It was agreed that Plaintiff, JENNETTE and Plaintiff HENRY were each to receive the

sum of $10,000.00 per month, however, commencing in January, 2016 through

September, 2016, payments were made directly to Plaintiff JENNETTE.

18. Payments were initially made by wire transfer to Defendant JENNETTE's personal bank account at Chase Bank, N.A.

19. While the initial payment was due in December, 2015, Plaintiff JENNETTE received the first partial payment of $10,000.00 on January 20, 2016, which payment came from the account of SALON SUITES AT FEDERAL HILL, LLC, a Maryland Limited Liability Company in which the Defendant, KEVIN DAVIS, is the sole and managing member.

20. Subsequently, Plaintiff JENNETTE received the following payments from the specified payees:

> 2/25/16 - $20,000 - PHENIX BICOASTAL SALONS, LLC.
> 3/23/16 - $20,000 - PHENIX BICOASTAL SALONS, LLC.
> 4/29/16 - $10,000 - PHENIX BICOASTAL SALONS, LLC.
> 6/2/16 - $10,000 -  NANCY GIVONS-DAVIS
> 6/27/16 - $20,000 - PHENIX BICOASTAL SALONS, LLC.
> 9/13/16 - $10,000 - PHENIX BICOASTAL SALONS, LLC.
> 9/29/16 - $10,000 - PHENIX SALON SUITES AT VIRGINIA BEACH, LLC.

Copies of the bank statements evidencing the above payments are annexed hereto as

Exhibit D.

Defendant, KEVIN DAVIS is the sole and managing member of Phenix BiCoastal Salons, LLC. (a Delaware Limited Liability Company authorized to do business in the State of Virginia) and Phenix Salon Suites at Virginia Beach, LLC. (a Virginia Limited Liability Company).

21. In total, Defendant DAVIS paid Plaintiffs a total of $110,000.00 from January through September, 2016, while payments should have totaled $200,000.00.

22. Thereafter, in November, 2016, Defendant DAVIS began making separate payments by depositing them directly into each of the Plaintiff's respective Wells Fargo bank accounts through Wells Fargo branches in Virginia.  Payments were received as follows:

Plaintiff JENNETTE:

| 11/8/16   | - | $5,000  |
|-----------|---|---------|
| 11/23/16  | - | $4,000  |
| 12/2/16   | - | $10,000 |
| 1/5/17    | - | $10,000 |
| 2/3/17    | - | $10,000 |
| 2/28/17   | - | $10,000 |
| 4/18/17   | - | $10,000 |
| 5/23/17   | - | $10,000 |
| 6/28/17   | - | $10,000 |
| 7/17/17   | - | $10,000 |
| 8/4/17    | - | $5,000  |
| 8/8/17    | - | $5,000  |
| 8/25/17   | - | $2,500  |
| 8/30/17   | - | $2,500  |
| 9/25/17   | - | $5,000  |
| 10/2/17   | - | $4,900  |
| 10/27/17  | - | $9,300  |
| 11/21/17  | - | $5,000  |
| 11/27/17  | - | $5,000  |
| 12/5/17   | - | $5,000  |
| 12/22/17  | - | $5,000  |
| 1/2/18    | - | $2,000  |
| 1/24/18   | - | $4,000  |
| 1/29/18   | - | $2,000  |

Plaintiff HENRY:

| 11/2/16   | - | $5,000  |
|-----------|---|---------|
| 11/8/16   | - | $5,000  |
| 12/2/16   | - | $10,000 |
| 1/5/17    | - | $10,000 |
| 2/3/17    | - | $10,000 |
| 2/28/17   | - | $10,000 |
| 4/18/17   | - | $10,000 |
| 5/16/17   | - | $10,000 |
| 6/9/17    | - | $5,000  |
| 7/31/17   | - | $5,000  |
| 8/4/17    | - | $5,000  |
| 8/8/17    | - | $5,000  |
| 8/25/17   | - | $5,000  |
| 8/30/17   | - | $10,000 |
| 9/25/17   | - | $5,000  |
| 10/23/17  | - | $10,000 |

Copies of the bank statements of Plaintiff JENNETTE and HENRY referencing the above deposits are annexed hereto as Exhibits E and F respectively.  The Court will note that sometimes Defendant DAVIS sometimes paid the full $10,000.00 payment, but other times payment was made in increments of $2,500.00 or more over the month.

23. In total, Defendant, DAVIS, from the commencement of the agreement through November 1, 2018, should have paid Plaintiffs JENNETTE and HENRY the collective sum of $720,000.00.  Instead, Defendant DAVIS has only paid Plaintiffs the collective sum of $381,200.00, which leaves a balance of principal and interest due and owing Plaintiffs through November 1, 2018, of $338,800.00, together with the remaining balance due and owing of $1,341,200.00 for a total amount due and owing Plaintiffs in the sum of $1,680,000.00.

24. Defendant DAVIS defaulted upon the monthly payment to Plaintiff, HENRY in October, 2017, and has failed to make any payments, whatsoever, since that date.

25. Defendant, DAVIS defaulted upon the monthly payment to Plaintiff, JENNETTE in January, 2018, and has failed to make any payments, whatsoever, since that date.

26. Plaintiffs JENNETTE and HENRY have attempted to contact Defendant DAVIS on several instances since his default, by email, text message and telephone call, however, Defendant DAVIS has failed to respond.

27. Defendant DAVIS, pursuant to the terms of the agreement, as partial security for the repayment of the indebtedness, conveyed a security interest in the Short Pump, Virginia franchise location, to wit, owned and operating by PHENIX SALON SUITES OF SHORT PUMP, LLC., of which Defendant DAVIS is the manager and sole member.

B.  <u>The Second Investment</u>

27. At approximately the same time Mr. Davis induced Plaintiffs JENNETTE and HENRY to invest the initial One Million Three Hundred Thousand ($1,300,000.00) Dollars, on June 8, 2015, Mr. Davis and the Plaintiffs entered into a second agreement whereby Plaintiffs invested an additional One Million Three Hundred Thousand Dollars ($1,300,000.00) with Defendant DAVIS for the purposes of building ten (10) Phenix Salon Suite franchise locations in the North Carolina and Tennessee markets, for which markets Defendant DAVIS allegedly owned exclusive rights.. A copy of this Agreement is annexed hereto as <u>Exhibit G.</u>

28. Pursuant to the agreement, ten (10) franchise locations were to be completed within twenty (20) months of the date of the agreement.  Upon completion of the stores, the profits therefrom were to be divided amongst the investors, with forty (40%) percent collectively going to the Plaintiffs.

29. Plaintiff, JENNETTE invested $600,000.00, which amount was paid via wire from Plaintiff JENNETTE's personal account on 6/15/15, in the amount of $590,000.00 and on 6/16/15, in the amount of $10,000, directly to Defendant DAVIS' personal account ending "9270".   A copy of the bank statement evidencing the wire is annexed hereto as <u>Exhibit H.</u>

30. Plaintiff HENRY invested the sum of $700,000.00 by check dated June 9, 2015, payable to Platinum Property Management.  This check was received by and endorsed by the Defendant, DAVIS and, upon information and belief, deposited into an account in the

name of Platinum Property Management LLC.  A copy of the front and back of this canceled check is annexed hereto as Exhibit I.

31. The time for the completion of the development of the stores was February, 2017. Pursuant to the terms of the agreement, should the stores not be completed within the allotted time, Mr. Davis was afforded a six (6) month grace period to cure said default. Such grace period expired in August, 2017.

32. As of the date hereof, at most, only two such stores have been built or are in the process of being built, both of which locations were created after the underlying lawsuit was initially filed.

33. After Mr. Davis' default become apparent, Plaintiffs, in attempting to find out what happened to their investments, learned that in October, 2015, Mr. Davis closed on the purchase of a home at 18184 Shinniecock Hills Place, Leesburg, Virginia, Mr. Davis' present residence, for the sum of $1,575,000.00.  A search reveals that the purchase of the home, upon information and belief, was paid in full and no mortgage was taken out on said premises.

34. Upon information and belief, Mr. Davis used the money Plaintiffs invested with Mr. Davis for the purposes of developing franchises in North Carolina and Tennessee to purchase his residence.

35. Upon information and belief, Defendant DAVIS purchased the residence with his wife, Nancy Davis, who is a co-Defendant herein.

36. Given that Mr. Davis closed on the purchase of his home mere months after the Plaintiffs provided Mr. Davis with their investment money, it is Plaintiffs contention that Mr. Davis had no intent to utilize Plaintiffs investment to build franchise locations in North Carolina

and Tennessee, but rather, had every intention of taking the Plaintiffs' "investment" and purchasing a grand home for himself.

37. Despite multiple calls, texts and emails from the Plaintiffs, Defendant DAVIS has failed to account for Plaintiffs' investment or provide any proof as to the development of any new franchise locations in the North Carolina and/or Tennessee markets.

38. In fact, a search of the Phenix Salon Suites website shows that there are only in existence, four (4) locations in North Carolina and one (1) location in Tennessee, which locations are, in fact, owned and operated by Defendant DAVIS, but which locations were in place prior to the Plaintiffs' investment.  Only two franchise locations in the North Carolina market have been opened since the Plaintiffs invested with the Defendant, Davis, and both of those locations were opened, only after Plaintiffs commenced the within litigation.  (Phenix Salon Suites of Fayettville, LLC., organized 5/18/18 and Phenix Salon Suites of Wenderly LLC., organized 7/20/18).  Plaintiffs have received no information regarding the income and/or losses of these franchise locations and have received no income from profits therefrom.

39. Defendant DAVIS, pursuant to the terms of the agreement, conveyed a security interest in the North Carolina and Tennessee franchise locations, in the event of a default, however, in that the locations have not been developed per the terms of the agreement, Plaintiffs have no choice but to seek alternative remedies to for the return of their investment.

AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT, KEVIN DAVIS
BREACH OF CONTRACT (1ST CONTRACT OF JUNE 4, 2015

40.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1"

through "39" as if more fully and completely restated herein.

41. Defendant DAVIS, under the guise of his ownership interest in the Phenix Salon Suite

locations in North Carolina, Virginia and Tennessee, misrepresented the terms of the

underlying transaction.

42. Plaintiffs, believing Defendant's promises, invested the collective sum of One Million

Three Hundred Thousand ($1,300,000.00) Dollars with Defendant DAVIS.

43. As of November 1, 2018, Defendant DAVIS should have paid Plaintiffs the collective

sum of $720,000.00, however, Defendant DAVIS has only paid $381,200.00.  As such,

there is a balance of $338,800.00 in principal and interest due and owing through

November 1, 2018.

44. Furthermore, pursuant to the schedule of payments, there remains a principal balance on

the initial investment, as of November 1, 2018, the sum of $1,341,200.00 due and owing

Plaintiffs, for a total of $1,680,000.00 due and owing the Plaintiffs herein.

45. Despite repeated requests and demands for payment, Defendant DAVIS has failed to

tender same.

46. Due to Defendant DAVIS' breach of the June 5, 2015 agreement, there is now due and

owing Plaintiff, the sum of $1,680,000.00, and Plaintiffs are entitled to recover said

amount.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANT, KEVIN DAVIS
BREACH OF CONTRACT (2ND CONTRACT OF JUNE 8, 2015)

47. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1"

through "46" as if more fully and completely restated herein.

48. Defendant DAVIS sought out Plaintiffs to take part in an alleged investment in Phenix

Salon Suite franchise locations in North Carolina and Tennessee for which Defendant

DAVIS claimed to have exclusive rights.

49. Plaintiffs, believing Defendant DAVIS representations that he was going to use their

investment for this purpose, delivered the aggregate sum of One Million Three Hundred

Thousand ($1,300,000.00) Dollars to the Defendant, in order to build these franchise

locations, for which Plaintiffs were said to receive a collective forty (40%) percent of the

net profit from these locations.

50. Defendant DAVIS, despite having held the Plaintiffs' investment for over three (3) years,

has failed to develop the ten (10) franchise locations as contemplated in the agreement.

51. Pursuant to the terms of the agreement, Plaintiffs' recourse upon Defendant's default was

to take ownership and control over the ten (10) franchise locations that were being

developed in the North Carolina and Tennessee markets, which were contemplated in the

agreement.

52. However, in that Defendant DAVIS has failed to develop said franchise locations, and

never had the intention of developing such locations, there is no way for the Plaintiffs to

recover their investment.

53. The Contract which Defendant, DAVIS drafted, which includes a clause attempting to

exculpate himself from his own wrongdoing, specifically the clause limiting damages to

the recovery of the ten franchise locations he had no intention of building, is subjected to close judicial scrutiny and is unenforceable when, in contravention of acceptable notions of morality, the misconduct for which it would grant immunity smacks of intentional wrongdoing. This can be explicit, as when it is fraudulent, malicious[4] or prompted by the sinister intention of one acting in bad faith.[5] (*Matter of Karp v Hults*, <u>12 A.D.2d 718</u>, affd <u>9 N.Y.2d 857</u>).

AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANT NANCY GIVONS-DAVIS
<u>UNJUST ENRICHMENT</u>

54. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "53" as if more fully and completely restated herein.

55. The Plaintiffs invested a collective Two Million Six Hundred Thousand ($2,600,000.00) Dollars with Defendant, KEVIN DAVIS, for the purposes of developing the Phenix Salon Suite franchises.

56. Instead, Defendant KEVIN DAVIS used the proceeds of Plaintiffs' investment to purchase a stately home for himself and his then wife, NANCY GIVONS-DAVIS in Leesburg, Virginia.

57. Ms. Davis was well aware that Plaintiffs had invested money with her husband (at the time), KEVIN DAVIS, as evidenced by her payment of $10,000.00 to the Plaintiff pursuant to the terms of the June 4, 2015 Contract.  Ms. Davis' payment of the $10,000.00 to Plaintiff's New York bank account, provide the minimum contacts necessary to establish personal jurisdiction. New York's long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or

13

through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state… By this " 'single act statute' . . . proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted[.] (*Deutsche Bank v. Montana Board of Investments*, 7 N.Y.3d 71).

58. Ms. Davis' payment of the $10,000.00 was specifically for the purpose of making payment under the terms of the June 4, 2015 agreement, the Contract which is the subject of the claim herein.

59. Ms. Davis benefitted from the Plaintiffs' investment with Defendant, KEVIN DAVIS, in that she became co-owner of a home purchased using Plaintiffs' invested funds.

60. This benefit was at the expense of the Plaintiffs and it would be against equity and good conscience to permit Ms. Davis to retain what is sought to be recovered.

61. While Ms. Davis was not a party to the underlying Contract, a claim for unjust enrichment is a quasi-contract theory of recovery and there is an obligation imposed by equity to prevent injustice in the absence of an actual agreement between the parties concerned. *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 NY3d 132, 907 NE2d 268, 879 NYS2d 355 (2009).  As such, no privity is required in order to sustain a claim of unjust enrichment against a party.

62. While Plaintiffs have no information that Ms. Davis, herself, knew that the Defendant, KEVIN DAVIS was utilizing Plaintiffs invested funds to purchase her home, a claim of unjust enrichment does not require the performance of any wrongful act by the one enriched.  *Cruz v. McAneney*, 31 AD3d 54 (2d Dept., 2006).

63. The circumstances render the Defendant's retention of the benefit inequitable unless Defendant pays the value of said benefit to the Plaintiffs.

64. To the extent that the home is a marital asset subject to equitable distribution in the parties' divorce proceeding, Defendant NANCY GIVONS-DAVIS has been unjustly enriched to the extent of her equity interest in the premises at the expense of the Plaintiff.

65. Plaintiffs are entitled to damages as a result of Defendant NANCY GIVONS-DAVIS' unjust enrichment, to the extent of Ms. Davis' equity interest in the premises which was purchased by the Defendants using Plaintiffs' investment.

   WHEREFORE, it is respectfully prayed that this Court:

   1. On the first cause of action, award Plaintiffs judgment against Defendant, KEVIN DAVIS, in the amount of $1,680,000.00, together with interest thereon;

   2. On the second cause of action, award Plaintiffs judgment against Defendant, KEVIN DAVIS, in the amount of $1,300,000.00, together with interest thereon from the 8th day of June, 2015;

   3. On the third cause of action, award Plaintiffs judgment against the Defendant, NANCY GIVONS-DAVIS, an amount equal to Ms. Davis' equity interest in the premises 18184 Shinniecock Hills Place, Leesburg, Virginia;

4.   Such other and further relief as the Court deems just and proper.

Dated: November 20, 2018

Respectfully submitted,

/s/ *Kathleen F. Julian*

_____
Kathleen F. Julian, Esq.
Guttenplan and Julian PLLC.
Attorneys for Plaintiffs
2001 Marcus Avenue, Suite N125
Lake Success, N.Y. 11042
516-616-1155
Kathy@GJLawoffice.com

16